IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv397
(3:05cr376)

| | |
|---|---|
| RICKY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1); the Government's Response and Motion for Summary Judgment (Doc. Nos. 7 and 8); and Petitioner's Response to the Government's Motion for Summary Judgment (Doc. No. 10). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On December 16, 2005, Petitioner was named in a nineteen-count Superseding Bill of Indictment. (Case No. 3:05cr376, Doc. No. 33). Specifically, Petitioner was charged with conspiracy to interfere with commerce by threats of violence, in violation of 18 U.S.C. § 1951(a) (Count One); using and carrying a firearm in connection with conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 924(c) (Count Four); interfering with commerce by threats and violence, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1951 and 2 (Count Six); using, carrying, and possessing a firearm during and in relation to, and in furtherance of, a crime of violence, that is Hobbs Act extortion, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Twelve, Thirteen, and

Fourteen); and possession of a firearm by felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Seventeen, Eighteen, and Nineteen).

On April 28, 2006, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to Counts Twelve and Thirteen and the Government agreed to dismiss the remaining counts. (Id., Doc. No. 72: Plea Agreement).

On May 18, 2009, Petitioner appeared with counsel for a Plea and Rule 11 hearing. (Id., Doc. No. 79: Entry and Acceptance of Guilty Plea Form). At that hearing, the Magistrate Judge placed Petitioner under oath and engaged him in the standard colloquy to ensure that his guilty plea was being knowingly and voluntarily tendered. (Id., Doc. No. 91: Plea Hr'g Tr.). Petitioner acknowledged that, pursuant to his plea agreement, he was pleading guilty to Counts Twelve and Thirteen of the Superseding Bill of Indictment, each of which charged a violation of 18 U.S.C. § 924(c) and each of which involved discharging a firearm during and in relation to a crime of violence, that is, Hobbs Act extortion; that he understood the penalties he faced upon conviction; and that he was pleading guilty because he was in fact guilty of the two § 924(c) violations. (Id. at 3-8, 11). Petitioner also acknowledged his understanding that any active sentence could be followed by a term of supervised release. (Id. at 10). Further, Petitioner told the Court that no one had threatened, intimidated, or forced him to enter his guilty plea; no one promised him leniency or a light sentence to induce his plea; he had sufficient time to discuss possible defenses with his attorney; that he was satisfied with the services of his attorney; and that he heard and understood all parts of the Rule 11 proceeding and still desired to plead guilty. (Id. at 14-15). After hearing Petitioner's answers to each question, and finding that Petitioner's plea was knowingly and voluntarily entered, the Magistrate Judge accepted his guilty plea. (Id. at 15-16).

On August 30, 2007, Petitioner appeared before the Court for a sentencing hearing. At

that hearing Petitioner answered the Court's questions regarding the Plea and Rule 11 hearing and affirmed that the answers he provided to the Magistrate Judge were correct and that if the Court re-asked Petitioner those questions his answers would be the same. Petitioner further stated that he answered the questions the way he did at the Plea and Rule 11 hearing because he committed the crimes charged. (Id., Doc. No. 171: Sent. Hr'g Tr. at 2-3). The Court confirmed with Petitioner that he had reviewed the presentence report ("PSR") with counsel and understood its contents. (Id. at 4). Petitioner stipulated that there was a factual basis to support his guilty plea. (Id. at 3). The Government then made a Motion for a Downward Departure of Petitioner's sentence pursuant to USSG § 5K1.1 based on his substantial assistance to the Government The Government recommended a sentence of twenty years. (Id. at 6). Petitioner's counsel argued for a sentence in the fifteen to twenty-year range. He contended that Petitioner was the least culpable of those charged, that he cooperated with the authorities, and that he acknowledged his participation and accepted responsibility for his actions. (Id. at 12-13). Counsel also pointed out that contrary to his advice, Petitioner "made the decision to go ahead and sign off on a plea agreement" because he knew that "he was caught," knew that "he was in serious trouble," and knew that "he was going to get a significant punishment." (Id. at 13).

The Court granted the Government's Motion for Downward Departure and stated that it would consider Petitioner's cooperation together with the factors in 18 U.S.C. § 3553(a) in imposing sentence. The Court then sentenced Petitioner to 120 months' imprisonment on Count Twelve and 120 months on Count Thirteen, to be served consecutively, for a total of 240 months, followed by a five-year term of supervised release on each of Counts Twelve and Thirteen, to run concurrently. The Court also ordered that Petitioner pay $1,400.00 in restitution to the victim, finding that Petitioner was "jointly and severally liable with his co-defendant for

3

the total amount of restitution." (Id. at 19-20). The Court ordered that any monetary penalty that Petitioner could not pay immediately be subject to payment during Petitioner's period of imprisonment through the Bureau of Prisons Inmate Financial Responsibility Program, and that any outstanding balance due upon Petitioner's release from imprisonment be paid in monthly installments of at least $50 beginning within sixty days after his release from imprisonment until paid in full (Id. at 20-21).

Judgment was entered on September 7, 2007. (Case No. 3:05cr376, Doc. No. 158). Petitioner did not file an appeal. Instead, on August 25, 2008, Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective for failing to object to: (1) the imposition of a sentence for a violation of 18 U.S.C. § 924(c) where there was no conviction for a predicate offense; (2) the imposition of restitution as part of Petitioner's sentence without a determination by the Court of Petitioner's financial ability to pay; and (3) the imposition of five years' supervised release on "double jeopardy" grounds. Petitioner also contends that his plea was not voluntarily made because his attorney "put words in his mouth" to make sure his guilty plea was accepted.[1]

---

[1] In Petitioner's Response Affidavit to the Government's Motion for Summary Judgment, Petitioner raises, for the first time, two additional claims of ineffective assistance of counsel. (Doc. No. 10). Specifically, Petitioner contends that his counsel was ineffective for failing to request a bond hearing and for failing to challenge Petitioner's status as a career offender. However, Petitioner did not raise these claims in his timely filed Motion to Vacate or in his supporting Memorandum. (Doc. No. 1). Therefore, the Government did not answer or move for summary judgment on these claims. Petitioner did not file a motion to amend in order to add these claims. Instead, Petitioner included these new claims in his response to the Government's Motion for Summary Judgment, filed on January 14, 2009, well beyond the one-year limitation period. 28 U.S.C. § 2255. Even if Petitioner had filed a motion to amend, Petitioner's new claims of ineffective assistance of counsel would not relate back to the claims raised in his initial motion. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); see also United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999) (counsel's failure to file an appeal as instructed did not relate back to ineffective assistance of counsel claims for failure to

II.   LEGAL DISCUSSION

   A.   Standard of Review

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer and any materials submitted by the parties to determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Upon review, the Court has concluded that a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. U.S. v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

   B.   Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that

---

pursue a downward departure and to object to the type of dugs at issue); United States v. Duffus, 174 F.3d 333 (3d Cir. 1999) (ineffective assistance of counsel claim for failure to move to suppress evidence did not relate back to several ineffective assistance of counsel claims in original motion). Accordingly, Petitioner's new claims will not be considered by the Court.

counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, a petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, a petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If a petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. Since some of Petitioner's claims challenge issues at sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999).

Petitioner's other claims relate to his Rule 11 hearing. Here, Petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal citations

6

and quotations omitted).

As his first claim, Petitioner contends that his counsel was ineffective for forcing him to plead guilty. Petitioner alleges his counsel told him to "pled guilty on my advice or stay in prison for the rest of your natural life." (Doc. No. 1: Mem. in Support at 3). Petitioner contends that he answered "all of the Rule 11 question as if his attorney was a 'ventriloquist' putting each word in [my] mouth as to be assured the guilty plea goes through." (Id.). Finally, Petitioner argues that there was no factual basis for his guilty plea and that he is actually innocent of the charges because he cannot be guilty of a crime for associating with "unsavory characters." (Id. at 3-4).

The record of Petitioner's Plea and Rule 11 hearing belies his allegation that counsel "put words in his mouth" to make sure his guilty plea was accepted. The record establishes that Petitioner acknowledged to the Court (1) that no one had threatened, intimidated, or forced him to enter his plea; (2) that other than the terms of the plea agreement, no one had promised him leniency or a light sentence to induce his plea of guilty; (3) that he had sufficient time to discuss possible defenses with his attorney; (4) that he was satisfied with the services of his attorney; and (5) that he heard and understood all parts of the Rule 11 proceeding and still wished to plead guilty. (Case No. 3:05cr376, Doc. No. 91: Plea Hr'g Tr. at 14-15). Petitioner also acknowledged his signature on the plea agreement. (Id. at 14). At sentencing, Petitioner reaffirmed the answers he gave to the Magistrate Judge at his Plea and Rule 11 hearing. Petitioner's statements on the record during his Rule 11 and sentencing hearings stand in stark contrast with his self-serving allegation that his plea was involuntary.

A defendant's statements at a Rule 11 hearing that he was neither coerced nor threatened

constitute "strong evidence of the voluntariness of his plea." United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977). The Fourth Circuit has held that statements by the defendant during the entry of a guilty plea which show the voluntary and knowing nature of his actions are conclusive absent some compelling reason why they should not be believed. Via v. Supt., Powhattan Corr. Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner offers no evidence that his statements made during the Rule 11 proceedings are not credible. Petitioner is bound by the statements that he made at the Rule 11 hearing and those statements cannot be set aside based on his post-judgment assertions to the contrary. Furthermore, Petitioner has not established prejudice. He has not argued that but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. See Slavek v. Kinkle, 359 F. Supp.2d 473, 491 (E.D.Va. 2005) (summarily rejecting claims of ineffective assistance on prejudice prong based on petitioner's failure and inability to argue that but for alleged errors, he would have insisted on trial or entered a different plea).

With respect to Petitioner's ineffective assistance of counsel claims at sentencing, he first contends that his counsel was ineffective for failing to object to the imposition of sentence under 18 U.S.C. § 924(c) arguing that provision constitutes a sentencing enhancement and that he was not convicted of an "underlying offense."

In order to prove a § 924(c) violation, the Government must establish that "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir.

1997). The Fourth Circuit has held that a defendant's conviction under § 924(c) "does not depend on his being convicted – either previously or contemporaneously – of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt." United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997); see also United States v. Hopkins, 310 F.3d 145, 152-53 (4th Cir. 2002); United States v. Hill, 971 F.2d 1461, 1464 (10th Cir. 1992) ("A defendant need not even be charged with the underlying crime to be convicted under § 924(c)" so long as the underlying offense is one for which defendant could be prosecuted); United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir. 1990) ("[I]t is only the fact of the offense, and not a conviction that is needed to establish the required predicate.").

Petitioner pled guilty to two § 924(c) violations charged in Counts Twelve and Thirteen of the Superseding Bill of Indictment. Petitioner's guilty plea constituted an admission to all the material elements of the crime. See McCarthy v. United States, 394 U.S. 459, 466 (1969) (a knowing and voluntary guilty plea constitutes an admission of the material elements of the crime); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."). Therefore, Petitioner admitted that he not only used or carried a firearm, but did so during and in relation to a crime of violence, namely, Hobbs Act extortion, by shooting into an occupied building.

Section 924(c)(1)(A) is a penalty provision which sets forth sentencing factors, not elements of separate offenses. See United States v. Harris, 536 U.S. 545, 568 (2002). Section 924(c)(1)(A)(iii) provides for a minimum ten-year sentence when a firearm is discharged. At sentencing, Petitioner stipulated that the information in the Presentence Report ("PSR") established a factual basis for the § 924(c) charges to which he pled guilty. According to the

9

PSR, Petitioner discharged the firearm during both of the § 924(c) offenses. Therefore, a ten-year minimum sentence applied to Petitioner's first § 924(c) charge. On the second charge, § 924(c)(1)(C)(i) mandates a minimum twenty-five year sentence. In this case, the Government moved for a downward departure, and Petitioner's sentence was reduced from at least thirty-five years to twenty. Petitioner has not established either prong of the Strickland test with respect to this claim, and it is denied.

Petitioner next contends that his counsel was ineffective for failing to challenge the terms of his supervised release which were "illegally tacked on to" his twenty-year sentence. Petitioner argues that the term of supervised release is "in addition to" his jail sentence, not authorized by statute, and subjects him to two punishments in violation of the Double Jeopardy clause.

Supervised release is specifically authorized by Congress in 18 U.S.C. § 3583 and USSG § 5D1.1. See 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment"); United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996). Petitioner pled guilty to two counts of violating § 924(c), which carry mandatory terms of imprisonment but not mandatory terms of supervised release. However, § 3583 permits the Court to impose a term of supervised release of up to five years as part of the sentence. Petitioner's counsel was not constitutionally ineffective for failing to object to the lawful imposition of a term of supervised release.

Furthermore, as part of the plea agreement, Petitioner acknowledged that supervised release could be imposed by the Court as part of his sentence. Petitioner agreed that failure to fulfill each of his obligations under the plea agreement would constitute a breach of the

10

agreement and would relieve the United States of its obligations under the agreement. (Doc. No. 72: Plea Agreement ¶¶ 13, 20h, 22). Had counsel objected to the term of supervised release, Petitioner would have breached the plea agreement. Petitioner has not established either prong of the Strickland test with respect to this supervised release claim. Therefore, this ineffective assistance of counsel claim must fail.

Petitioner also contends that his counsel was ineffective for failing to object to the Court's order that he pay $1,400 in restitution to the victim. He argues that the Court failed to consider his financial resources, financial needs, earning ability, and his dependents as required by 18 U.S.C. § 3663(A)(1)(a) through (a)(1)(B)(II).

The Mandatory Victim Restitution Act ("MVRA") mandates restitution for Petitioner's conduct.[2] 18 U.S.C. §§ 3663A and 3664. Pursuant to § 3663A, the Court must order that a defendant make restitution to the victim. Section 3664(f)(1)(A) requires that the Court order restitution in the full amount for each victim's loss as determined by the Court and without consideration of the economic circumstances of the defendant.[3] The Court must specify the manner and schedule by which the defendant shall make restitution payments, taking into consideration defendant's financial resources, assets, earnings and obligations. 18 U.S.C. § 3664(F)(2). The record establishes that the Court considered the required factors in ordering Petitioner to pay restitution. (Case No. 3:05cr376, Doc. No. 171: Sent. Hr'g Tr. at 20- 21; see also, Doc. No. 158: Judgment at 5). Finally, as part of the plea agreement, Petitioner promised

---

[2] USSG § 5E1.1 also provides that the Court shall order the defendant to pay restitution.

[3] According to the PSR, a victim impact statement was submitted by Aron Gebrehiwot for a total of $1,400.00.

to pay full restitution to all victims directly or indirectly harmed by his "relevant conduct." (Id., Doc. No. 72: Plea Agreement ¶ 6). Petitioner agreed that failure to fulfill each of his obligations under the plea agreement would constitute a breach of the plea agreement and would relieve the United States of its obligations under the agreement. (Id. ¶¶ 13, 20h, 22). Therefore, had counsel objected to the restitution ordered by the Court, Petitioner would have breached the plea agreement. Petitioner has not established either prong of the Strickland test with respect to his restitution claim. Therefore, this ineffective assistance of counsel claim must fail.

Finally, Petitioner alleges that his attorney was ineffective for failing to object to the Court's order allowing the Bureau of Prisons ("BOP") to "garnish" restitution from him, "setting the amount of payments as if it were a 'delegated collection agency.'" (Doc. No. 1: Mem. in Support at 8).

The Fourth Circuit has specifically held that a district court may not delegate its authority to set the amount and timing of fine and restitution payments to the BOP. See United States v. Miller, 77 F.3d 71, 77 (4th Cir. 1996). "[I]n every delegation, the court must retain the right to review findings and to exercise ultimate authority. . . . " United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir. 1995). Here, the "schedule of payments" section of Petitioner's Judgment provides that payment of the restitution shall be made immediately in equal monthly installments of $50 to begin sixty days after release from imprisonment to a term of supervision. Likewise, the "schedule of payments provision" of the Judgment provides that if a term of imprisonment is imposed, payment of monetary penalties shall be due during the period of imprisonment. (Case No. 3:05cr376, Doc. No. 158: Judgment at 5; see also Doc. No. 171: Sent. Hr'g Tr. at 20-21). Because the Court set a schedule of monthly payments of $50 per month, it did not delegate authority to establish a payment schedule for restitution to the BOP, thus satisfying Miller.

Further, Petitioner agreed in his plea agreement to participate in the Inmate Financial Responsibility Program to the extent necessary to fulfill all financial obligations due and owing under the agreement and the law. (Id., Doc. No. 72: Plea Agreement ¶ 9).

Petitioner has not established deficiency or prejudice for his counsel's failing to challenge the restitution portion of the Judgment. Therefore, this claim of ineffective assistance of counsel must fail.

III.     CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. the Government's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**;

2. the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED**; and

3. that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: September 11, 2010

Robert J. Conrad, Jr.
Chief United States District Judge